UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM INSURANCE COMPANIES,

    Plaintiff,

v.

SAMUEL BELSITO, JEFFREY F. JOHNSON, and ROGER A. BAKER,

    Defendants.
                                 /

Case No. 09-cv-14903

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING STATE FARM'S MOTION FOR
SUMMARY JUDGMENT** (docket no. 12)**, DENYING BELSITO'S
MOTION FOR EXTENSION OF TIME TO FILE
RESPONSE** (docket no. 8)**, AND DISMISSING CASE**

On September 24, 2010, this Court issued a Show Cause Order asking State Farm Insurance Companies ("State Farm") to explain why the Court should exercise its discretionary power to hear a declaratory judgment action in this case. After the Court granted an extension of time, State Farm timely filed a response to the Show Cause Order. While the Court is grateful to State Farm for their prompt attention to this matter and their helpful briefing on the issue, it is nonetheless in disagreement with State Farm's argument that the Court should continue to hear this case. Accordingly, the Court will deny State Farm's pending motion for summary judgment and dismiss this case.[1]

As explained in the Show Cause Order, the federal declaratory judgment statute is permissive. 28 U.S.C. § 2201 ("[A]ny court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration . . . .") (emphasis added). Consequently, a district court's

---

[1] The Court will also deny as moot in this order a Motion for Extension of Time to File Response filed by defendant Belsito on March 3, 2010. Docket No. 8.

decision to exercise jurisdiction over such an action can be reversed only if the choice is an abuse of discretion. *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942); *Bituminous Cas. Corp. v. J&L Lumber Co.*, 373 F.3d 807, 812 (6th Cir. 2004). The Sixth Circuit provides a five-factor test to guide the discretion of district courts in declaratory judgment actions revolving around insurance contracts governed by state law:

> (1) whether the judgment would settle the controversy
>
> (2) whether the declaratory judgment action would sere a useful purpose in clarifying the legal relations at issue.
>
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;
>
> (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and
>
> (5) whether there is an alternative remedy that is better or more effective.

*Bituminous Cas. Corp.*, 373 F.3d at 813. Of particular relevance to this case are decisions from both the Sixth Circuit and other judicial officers of this Court, which uniformly teach that declaratory judgment actions are "seldom helpful" in resolving a case of this nature. *Id.* at 812; *Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.*, 791 F.2d 460, 463 (6th Cir. 1986); *Scottsdale Ins. Co. v. Roumph*, 18 F. Supp. 2d 730, 735 (E.D. Mich. 1998) (Rosen,J.) ("[T]he Sixth Circuit has repeatedly found it inappropriate for the district courts to entertain insurance declaratory judgment actions.

In this case, the first, second, and fifth elements of the *Bituminous Casualty* test cut against State Farm's position. A declaratory judgment might provide an answer to an abstract legal question regarding indemnification, but it cannot resolve a controversy because no action in which the question would arise has been filed, or may ever be filed. There is no knowing whether the ruling would have any "utility" because Belsito's intentions

2

are unknown, but even if Belsito did file a new lawsuit, a state court would more efficiently answer any legal questions related to indemnification. Finally, the more effective "alternative remedy" in this case is for State Farm to raise its issues with indemnification in an appropriate state court proceeding, should Belsito ever file one.

State Farm focuses much of their attention on the fourth element of the *Bituminous Casualty* test, but this does not support the claim unambiguously. *Bituminous Casualty* asked courts evaluating this element to consider

> (1) whether the underlying factual issues are important to an informed resolution of the case;
>
> (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
> (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Bituminous Cas. Corp.*, 373 F.3d at 814–15. Factual issues are important to this case, and the facts here are undisputed, which swings the first two of these three considerations in State Farm's favor. But State Farm overlooks the final consideration. In this case, a "close nexus" does exist between the facts and state law, to the complete exclusion of "federal common or statutory law." State law regarding insurance contracts governs this case, and a federal court does not have the right to pass on such questions unless the side bringing the action can prove the requirements of diversity jurisdiction are met, which Belsito failed to do.[2] The fourth factor does not provide a compelling reason for this Court to assume jurisdiction over the case.

---

[2] This procedural history, along with the undisputed facts in this case, are sketched out in Order to Show Cause, Docket No. 17, at 1–2.

3

The third element of the *Bituminous Casualty* test does appear to favor State Farm. There is no evidence that State Farm was in a "race to judgment" when it filed this action after Belsito filed his first lawsuit in this Court, and his second related to the June 14, 2006 automobile accident. Nevertheless, this factor does not provide a sufficient rationale for the Court to exercise jurisdiction over this case. Therefore, it concludes that declining jurisdiction over this case is not an abuse of discretion under the *Bituminous Casualty* factors.

In addition, the Court is persuaded by the argument defendant Johnson advances that the Court must dismiss this action because there is no "actual controversy" here. 28 U.S.C. § 2201; *see also* Def. Johnson's Ans., Docket No. 15, at 3–4. To have standing to bring a declaratory judgment action, there must be a live dispute over the question the plaintiff wishes the Court to answer. *Golden v. Zwickler*, 394 U.S. 103, 108 (1969) ("[T]he question in each case is whether the facts alleged . . . show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941))); *Nat. Rifle Ass'n of Am. v. Macaw*, 132 F.3d 272, 279–80 (6th Cir. 1997). Because there is no pending lawsuit against Belsito in either federal or state court, the issue of whether or not State Farm is obliged to indemnify Johnson or Baker is purely academic. A dispute based on "contingent events that may not occur as anticipated, or indeed may not occur at all," is not ripe for resolution and should be dismissed. *Thomas v. Union Carbide Agr. Prods. Co.*, 473 U.S. 568, 581 (1985). This gives the Court an additional reason for declining to exercise jurisdiction over this declaratory judgment action.

**WHEREFORE**, this Court hereby **DECLINES** to exercise its jurisdiction over this action and will **DISMISS** this case, without prejudice.  **MOREOVER**, the Court will **DENY AS MOOT** Belsito's Motion for Extension of Time to File Response (docket no. 8) and State Farm's Motion for Summary Judgment (docket no. 12).

**SO ORDERED**.

                                           s/Stephen J. Murphy, III
                                           STEPHEN J. MURPHY, III
                                           United States District Judge

Dated: October 27, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 27, 2010, by electronic and/or ordinary mail.

                                           Alissa Greer
                                           Case Manager